THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 141 of the Penal Code.

No. 712.—Decided January 19, 1915.

FRAUDULENT CONVEYANCE—COMPLAINT.—In this case it was charged that the defendant maliciously, wilfully and with premeditated intention to defraud Hijos de J. Bird y León, sold a house belonging to him which he had previously given in guarantee to said Hijos de J. Bird y León by means of a document signed in his handwriting wherein he undertook and promised not to alienate said house without the previous consent in writing of said creditors. *Held:* That that act constitutes no crime against the laws of Porto Rico.

ID.—FRAUD.—For fraud to exist the person who is accused of the crime of having committed a fraud must be shown to have used some artifice, cunning or device by which, while purporting to do a certain thing, he was really doing something else covertly, retaining a benefit for himself at the expense of another person. In other words, that he has enriched himself at another's expense.

ID.—CONNIVANCE—INTENTION.—In order that a fraudulent conveyance may exist there must be some connivance between the debtor and the person to whom the property is conveyed, and an intent on the part of the grantor to retain some advantage for himself.

ID.—COMPLAINT—CONCLUSION OF LAW—GOOD FAITH.—Although the complaint in this case charges that the accused wilfully and maliciously conveyed the house with intention to defraud his creditors, these words, which described

the intention of the debtor, are mere conclusions of law which do not flow from the specification of the act committed by the defendant. There is no showing that the conveyance was not a *bona fide* one.

ID.—PROMISE—POSSESSION AND OWNERSHIP—PROCEEDS OF SALE.—The mere failure to keep a promise or to perform a personal contract not to sell without the consent of a creditor when the debtor is in the possession and ownership of the property and uses the proceeds of the sale to pay a prior creditor, is not a fraudulent conveyance under section 141 of the Penal Code.

ID.—PREFERENCE OF CREDITOR.—The preference made by the debtor to one creditor over another, in the absence of a special statute governing such preferences, is not fraudulent.

The facts are stated in the opinion.

*Mr. Salvador Mestre, fiscal,* for The People.

The accused did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Humacao, on April 27, 1914, declared Rodrigo Martínez guilty of the crime set forth in section 141 of the Penal Code and sentenced him to pay a fine of $500 or to suffer three months in jail. The defendant appealed but filed no brief and made no appearance in this court. Nevertheless, an examination of the record shows such fundamental errors committed against the appellant that the conviction cannot be allowed to stand. The prosecution was begun by a complaint, which is as follows:

"I, Arturo C. Bird, a resident of Fajardo, P. R., Muñoz Rivera Street, make this complaint against Rodrigo Martínez for an infraction of section 141 of the Penal Code of Porto Rico, committed in the following manner: That on January 13, 1914, and in Fajardo, P. R., of the municipal judicial district of Fajardo, P. R., said defendant maliciously, voluntarily, and with premeditated intention to defraud Hijos de J. Bird y León, which is a mercantile firm with its residence in Fajardo, of which the complainant is the managing partner, sold a house belonging to him (the debtor) which he had previously given in guarantee to his creditors, said Hijos de J. Bird y León, by means of a document signed in his handwriting wherein he undertook and promised not to alienate said house without the previous consent in writing of said creditors."

If the facts of this complaint are examined we cannot see that any crime against the laws of Porto Rico is charged

therein.   The prosecution was begun by virtue of section 141
of the Penal Code of Porto Rico, which is as follows:

"Every creditor who fraudulently removes his property or, effects
beyond the jurisdiction of the courts, or fraudulently sells, con-
veys, assigns, or conceals his property, with intent to defraud, hin-
der, or delay his creditors of their rights, claims or demands, is pun-
ishable by imprisonment in jail not exceeding one year, or by fine
not exceeding five thousand (5,000) dollars, or by both."

The Penal Code of Porto Rico, as is well known, was
adopted from California, which inherited the law of fraudu-
lent conveyances from England.   But the law of England
does not differ greatly from the civil law in regard to what
constitutes a fraudulent conveyance.   Generally, for fraud
to exist the person who is accused of the crime of having
committed a fraud must be shown to have used some arti-
fice, cunning or device by which, while purporting to do a
certain thing, he is really covertly doing something else, re-
taining a benefit for himself at the expense of another.   In
other words, there must be some showing that the defend-
ant has enriched himself at another person's expense, as by
a fictitious sale wherein he really retains the possession or
ownership of the property.   In order that a fraudulent con-
veyance may exist there must be some connivance between
the debtor and the person to whom the property is conveyed,
and in all cases there must have been an intent on the part
of the grantor in an alleged fraudulent conveyance to retain
some advantage for himself.

The complaint in this case sets up at the most that Ro-
drigo Martínez made a promise to the firm of Hijos de J.
Bird y León that he would not convey a certain house belong-
ing to him without the previous consent of his creditors,
and that in spite thereof he conveyed the property to an-
other person.   It is true that the complaint charges that
he did it maliciously, voluntarily and with intention to de-
fraud his creditors, but these words, which describe the inten-
tion of the debtor, are mere conclusions of law which do

not flow from the specification of the act committed by the defendant. The facts do not show what is known as a fraudulent conveyance. There is no showing that the conveyance was not a *bona fide* one. Indeed, the gravamen of the offense is solely that, having made a promise not to convey, the defendant nevertheless conveyed. The idea of there being a conveyance by which the debtor made a fraudulent transfer of his property is negatived by the specification made in the complaint that his offense consisted in alienating a piece of property without the previous consent of his creditors.

If, perhaps, it should be suggested that the words of the complaint follow the statute in so far as they charge that the conveyance was fraudulently made, nevertheless the facts shown at the trial show a stronger case in favor of the defendant than the supposed theory of the complaint that we have just set forth. The facts developed at the trial are, perhaps, best set forth in the brief of the *fiscal*.

The following, as summed up by the *fiscal*, may be considered as the evidence in the case:

That in the month of January, 1913, and in Fajardo, the defendant, Rodrigo Martínez, was indebted to the firm of Hijos de J. Bird y León in a certain sum of money; that Arturo C. Bird, as member of said firm, made an agreement with Rodrigo Martínez by which the latter was bound to pay the said sum within three months; that Rodrigo Martínez signed a document wherein he gave as security a house that he owned on Muñoz Rivera Street in the municipality of Fajardo and likewise bound himself not to sell or dispose of the same without first obtaining the written consent of one of the members of the firm of Hijos de J. Bird y León; that the term specified in the document was several times extended and at the expiration of the last extension on June 24, complainant wrote a letter to the defendant requiring him to comply with the obligation, from which it is inferred that Rodrigo Martínez obtained an extension;

that upon the expiration of the same and on January 2, a second letter was written him requesting him to make payment. After the obligation became due and the said letter wherein he was requested to pay was received by him as aforesaid, the said defendant conveyed the house given as security for the sum owing to Hijos de J. Bird y León, to a certain other person. At the hearing of the case the deed of conveyance was introduced. It seems that Martínez paid the amount of the mortgage to María de los Angeles from the proceeds of said sale and, consequently, that he failed to pay the sum owing to the firm of Hijos de J. Bird y León. It was admitted by the evidence of the defense that Rodrigo Martínez made a conveyance of his property and that no sum had been paid to the complainant.

Thus we see that Rodrigo Martínez was already indebted to Hijos de J. Bird y León; that, apparently, to obtain a further extension of credit he made a deed wherein he promised not to convey without the consent of his creditors; that in fact he did convey but that the proceeds were used to pay another creditor. These facts do not constitute a fraudulent conveyance. The debtor failed to keep his promise to Hijos de J. Bird y León, but the mere failure to keep a promise or to perform a contract does not constitute a crime. Rodrigo Martínez was left in the possession and ownership of his house and had the absolute dominion of it although affected by the mortgage to the other creditor, and a man has a right, in the exercise of the dominion of a property, to make a sale thereof. He violated his promise, but the violation of a promise is not a conveyance at all, and hence no crime under section 141 of the Penal Code has been charged. At the trial, moreover, the burden of proof to show a fraudulent conveyance was on the Government. Not only was it not shown that the conveyance made by Rodrigo Martínez was fraudulent or that he retained a benefit for himself thereby, but it is conceded by the *fiscal* that the proceeds of the sale were used to pay a pre-existing mortgage on the

same property. The preference made by the debtor to one creditor over another in the absence of a special statute governing such preferences is not fraudulent. 20 Cyc., 472 et seq. The contract with the firm of Hijos de J. Bird y León was purely personal and unsecured. The conveyance was not a fraudulent one but a *bona fide* one wherein the debtor genuinely and absolutely dispossessed himself of the dominion over the property.

The judgment appealed from must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.